UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDERJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00940-DC-DMC (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) For the reasons explained below, the court will grant Petitioner's motion for a temporary restraining order and will order that Respondents provide Petitioner with a constitutionally compliant bond hearing.

## BACKGROUND

**A.     Factual Background**

Petitioner Inderjit Singh is a national of India who was admitted to the United States as a lawful permanent resident on February 24, 2010. (Doc. Nos. 1 at ¶ 1; 1-1 at 2.) Petitioner has

/////

/////

/////

1

been convicted of two or three[1] criminal offenses while living in the United States. (Doc. Nos. 1 at ¶ 2; 1-1 at 3–4.) In April 2019, Petitioner was convicted of inflicting corporal injury to a spouse/cohabitant in violation of California Penal Code § 273.5, for which he was sentenced to 90 days in jail and three years of formal probation. (Doc. Nos. 1 at ¶ 2; 1-1 at 4.) In September 2024, Petitioner was convicted of sexual battery in violation of California Penal Code § 243.4(a), for which he was sentenced to two years in jail. (Doc. No. 1 at ¶ 3; 1-1 at 4.) Petitioner is currently seeking post-conviction relief in relation to these convictions. (Doc. No. 1 at ¶ 7.)

On February 27, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner at his home in Lathrop, California. (Doc. Nos. 1 at ¶ 4; 1-1 at 3–4.) On that same day, Petitioner was issued a notice to appear charging Petitioner as removable as an alien who after entry has been convicted of a crime of domestic violence, a crime of stalking, or child abuse and neglect, in violation of Immigration and Nationality Act § 237(a)(2)(E)(i). (Doc. Nos. 1 at ¶ 5; 1-2 at 2, 5.)

Petitioner has remained in ICE custody at the California City Correctional Facility since his detention in February 2025. (Doc. No. 1 at ¶ 22.) Petitioner has not been provided the opportunity to seek bond before a neutral decisionmaker. (*Id.* at ¶ 21.)

**B.    Procedural History**

On February 3, 2026, Petitioner filed his habeas petition asserting the following four counts against Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Sergio Albarran, and Christopher Chestnut: (1) violation of the Administrative Procedure Act in relation to Respondents' detention of Petitioner; (2) violation of the Administrative Procedure Act in relation to Respondents' refusal to provide Petitioner with a bond hearing before a neutral arbiter; (3) unlawful detention in violation of the Immigration and Nationality Act in relation to Respondents' detention of Petitioner; and (4) violation of Petitioner's constitutional right to due

---

[1] Petitioner's record of deportable/inadmissible alien, attached as an exhibit to Petitioner's habeas petition, reflects a September 2024 conviction for stalking in violation of California Penal Code § 646.9, for which Petitioner was sentenced to one year and four months to be served concurrently with his sentence for his sexual battery conviction. (Doc. No. 1-1 at 4.) Petitioner's petition does not address this separate conviction, though the additional conviction does not affect the court's analysis.

2

process in relation to Respondents' prolonged detention of Petitioner without an individualized determination of Petitioner's safety or flight risk. (Doc. No. 1 at 12–16.) In his petition, Petitioner seeks an order: (i) enjoining Respondents from transferring Petitioner during the pendency of this action; (ii) declaring that Petitioner's detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and/or Petitioner's constitutional right to due process; (iii) requiring Petitioner's immediate release, or in the alternative, requiring Respondents to provide Petitioner with a bond hearing at which the Department of Homeland Security ("DHS") bears the burden of proving that Petitioner is a danger to the community or a flight risk; and (iv) awarding Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act. (Doc. No. 1 at 18.) On that same day, Petitioner filed his motion for a temporary restraining order seeking the same relief. (Doc. No. 3 at 1–2.)

On February 4, 2026, the court issued an order setting a briefing schedule and directing Respondents to "substantively address whether any provision of law or fact in this case would distinguish it from decisions issued by courts in this district addressing claims substantially similar to Petitioner's, including *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 24, 2026) and *S.E. v. Noem*, No. 1:26-cv-00365-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026), or indicate that the matter is not substantively distinguishable." (Doc. No. 7.)

On February 6, 2026, Respondents filed an opposition in which they purport to distinguish those cases. (Doc. No. 8.) First, Respondents argue that Petitioner's claim is distinguishable from *Diep* because Petitioner has been detained for 12 months, whereas in *Diep*, the petitioner had been detained for 13 months. (*Id.* at 2–3.) Second, Respondents argue Petitioner's claim is distinguishable from *S.E.* because the petitioner in *S.E.* had been charged with criminal offenses, whereas here Petitioner has been convicted of criminal offenses.

Petitioner opted to not file a reply.

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555

3

1  U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary
2  restraining order is "substantially identical" to the standard for issuing a preliminary injunction.
3  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To
4  obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on
5  the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary
6  relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction
7  is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is
8  the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th
9  Cir. 2017).

10      A party seeking injunctive relief must make a showing on all four prongs of the *Winter*
11  factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th
12  Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction
13  is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a
14  clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968,
15  972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and
16  exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle*
17  *& Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024);
18  *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues
19  "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los*
20  *Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

21      **DISCUSSION**

22  **A.    Likelihood of Success on the Merits**

23      Petitioner contends that his continued detention violates his constitutional right to due
24  process because his detention has become "prolonged in that he has been in ICE custody since on
25  or about February 27, 2025 which is well past eleven months and comes within the realm of due
26  process violation that" the Ninth Circuit previously recognized in *Rodriguez v. Robbins*
27  (*"Rodriguez II"*), 715 F.3d 1127 (9th Cir. 2013). (Doc. No. 3-1 at 8.)
28      Petitioner is presently detained under 8 U.S.C. § 1226(c), which provides for mandatory

detention of certain categories of noncitizens, including those who, as relevant here, have been convicted of certain enumerated crimes.[2] *See* 8 U.S.C. § 1226(c). The government is not required to provide a bond hearing to noncitizens subject to mandatory detention under § 1226(c). *Demore v. Kim*, 538 U.S. 510 (2003). However, in *Rodriguez II*, the Ninth Circuit held that "while mandatory detention under § 1226(c) is not constitutionally impermissible *per se*, the statute cannot be read to authorize mandatory detention of criminal aliens with no limit on the duration of imprisonment." *Rodriguez II*, 715 F.3d at 1137. Thus, the court in *Rodriguez II* found, § 1226(c)'s "mandatory language must be construed 'to contain an implicit reasonable time limitation, the application of which is subject to federal-court review.'" *Id* at 1138 (quoting

/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[2] Petitioner also argues that he is detained under 8 U.S.C. § 1226(a). (Doc. No. 3-1 at 5–6.) This court has found that the constitution requires that the government provide a pre-deprivation bond hearing to a noncitizen subject to detention under § 1226(a). *See, e.g., Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025). However, Petitioner's argument is unavailing because § 1226(c) mandates that DHS take into custody any noncitizen who has been convicted of "a crime involving moral turpitude." 8 U.S.C. §§ 1226(c), 1182(a)(ii)(A)(2). As Respondents note, Petitioner is charged as removable relating to his convictions for sexual battery, stalking, and domestic violence (Doc. No. 1-2 at 5), and those crimes constitute crimes of moral turpitude in the immigration context. *See Orellana v. Barr*, 967 F.3d 927, 931 (9th Cir. 2020) (holding that a conviction for stalking in violation of California Penal Code § 646.9(a) is "categorically a [crime involving moral turpitude]" in the immigration context); *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265 (9th Cir. 2012) (same as to sexual battery); *Cervantez v. Holder*, 772 F.3d 583, 588 (9th Cir 2014) (same as to corporal injury against a spouse). Accordingly, Petitioner is detained under § 1226(c)—not § 1226(a)—and thus, the government was not required to provide him with a pre-deprivation bond hearing before detaining him.

5

*Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).³

On this question, the court's reasoning in *Diep* is persuasive. In *Diep*, the petitioner was a lawful permanent resident in the United States who had lived in this country for 44 years. *Diep*, 2025 WL 604744, at *1. The petitioner had been convicted of the murder of a nine-year old boy, second degree robbery, and conspiracy to commit kidnapping. *Id.* In February 2024, after the petitioner was released on parole, he was immediately detained by ICE pursuant to § 1226(c). *Id.* The petitioner was placed in removal proceedings, which were continually delayed due to the petitioner's pursuit of post-conviction relief related to his convictions. *Id.* at *2. In February 2025, an immigration judge ordered the petitioner's removal from the United States. *Id.* After his detention continued without removal, the petitioner filed a writ of habeas corpus in federal court. *Id.* In that federal habeas case, the court acknowledged that "the Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as applied challenge to 8 U.S.C. § 1226(c)," and found that "Petitioner's prolonged [13-month] detention without a bond hearing before an [immigration judge] violate[d] his Fifth Amendment due process rights." *Id.* at *5; *see also Singh v. Noem*, No. 26-cv-00265, 2026 WL 206716, at *5 (S.D. Cal. Jan. 27, 2026) (emphasizing that "[w]hile the Ninth Circuit has not spoken on whether due process requires a

---

³ In *Rodriguez II*, the Ninth Circuit found that the canon of constitutional avoidance required the court to "construe the government's statutory mandatory detention authority under Section 1226(c) . . . as limited to a six-month period, subject to a finding of flight risk or dangerousness." *Rodriguez II*, 715 F.3d at 1133. Accordingly, the Ninth Circuit held that a noncitizen detained under § 1226(c) must be provided a renewed bond hearing every six months of detention. *Id.* However, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court found that the Ninth Circuit "erroneously concluded that periodic bond hearings are required under" § 1226(c), but the Supreme Court also noted that because its decision was based solely on statutory analysis, it "had no occasion to consider respondents' constitutional arguments on the merits" and "remand[ed] the case to the Court of Appeals to consider [the constitutional claims] in the first instance." *Jennings*, 583 U.S. at 312. On remand, the Ninth Circuit emphasized that the Supreme Court "declined to reach the constitutional question" of whether a noncitizen may be detained indefinitely under § 1226(c) without a bond hearing but reiterated that it had "[g]rave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." *Rodriguez v. Marin* (*Rodriguez III*), 909 F.3d 252, 255, 256 (9th Cir. 2018). The Ninth Circuit then remanded the case to the district court for further proceedings. (*Id.*) Thus, there is no binding authority in this court governing whether due process requires that a noncitizen be provided a bond hearing after being detained for a prolonged period under § 1226(c), and if so, when that bond hearing is necessary.

1  bond hearing for noncitizens mandatorily detained, the First, Second, and Third Circuits have
2  held that the due process clause" requires a bond hearing after a prolonged detention).

3  In their opposition, Respondents contend that *Diep* is distinguishable because "unlike
4  Diep, Petitioner has not been detained for over thirteen months." (Doc. No. 8 at 2.) While it is
5  true that Petitioner has been detained for twelve months, not thirteen as the petitioner in *Diep*,
6  Respondents offer no argument as to why the difference of one month warrants a different
7  outcome than *Diep*. Accordingly, the court finds Petitioner has shown a likelihood of success on
8  the merits of his claim that his detention has become excessively prolonged in violation of his
9  Fifth Amendment right to due process.

10 **B.    Irreparable Harm**

11 A party seeking preliminary injunctive relief must make a "clear showing" of a likelihood
12 of irreparable harm in the absence of the relief requested. *Winter*, 555 U.S. at 22. The "Ninth
13 Circuit has recognized the 'irreparable harms imposed on anyone subject to immigration
14 detention' including 'subpar medical and psychiatric care in ICE facilities.'" *Hoac v. Becerra*,
15 No. 2:25-cv-01740-DC-JDP, 2025 WL 1992771, at *3 (E.D. Cal. July 16, 2025) (quoting
16 *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017)).

17 Here, Petitioner alleges that he will suffer irreparable harm absent injunctive relief
18 because he has been detained for almost a year. (Doc. No. 3-1 at 11.) Petitioner further argues that
19 his continued detention constitutes an ongoing violation of his constitutional right to due process,
20 which alone is sufficient to demonstrate irreparable harm. *Nelson v. Nat'l Aeronautics & Space*
21 *Admin.*, 530 F.3d 865, 882 (9th Cir. 2008) (*rev'd on other grounds,* 562 U.S. 134 (2011))
22 ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through
23 damages and therefore generally constitute irreparable harm.").

24 Respondents do not address the issue of irreparable harm in their opposition. Having
25 considered the irreparable harm identified by Petitioner, the court finds the second *Winter* factor
26 weighs in favor of granting Petitioner's request for injunctive relief.

27 **C.    Balance of Equities and Public Interest**

28 The court now turns to the last two *Winter* factors. The balance of equities and public

interest analyses merge when the government is the opposing party, as is the case here. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Despite any interest the government may have in promptly executing removal orders, "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Ala. Ass'n of Realtors v. Dep't of Health § Hum. Servs.*, 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 582 (1952)). Further, that Petitioner has shown a likelihood of success on the merits tips the public interest further in his favor. *Riley's Am. Heritage Farms v. Elasser*, 32 F.4th 707, 731 (9th Cir. 2022).

Therefore, the third and fourth *Winter* factors also weigh in favor of granting Petitioner's request for injunctive relief. Because all four *Winter* factors weigh in Petitioner's favor, the court finds that injunctive relief is warranted.

**D.     The Remedy**

In his motion for a temporary restraining order, Petitioner seeks an "individualized *Rodriguez* bond hearing before an immigration judge." (Doc. No. 3-1 at 2.) A *Rodriguez* bond hearing requires a hearing "before a neutral [immigration judge] with the government bearing the burden of proof by clear and convincing evidence" that Petitioner is a danger to the community or a flight risk. *Rodriguez II*, 715 F.3d at 1144. In their opposition, Respondents argue that "the Court should not place the burden on the government to justify Petitioner's continued detention by clear and convincing evidence" because the "Supreme Court in *Jennings* already held such burden shifting is improper." (Doc. No. 8 at 3) (citing *Jennings*, 583 U.S. at 297). However, as discussed at length above, in *Jennings* the Supreme Court held that the Ninth Circuit erred in finding that § 1226(c) statutorily required a bond hearing, but did not address whether due process required such a hearing, and if so, what procedures were sufficient to satisfy due process. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (2022) ("The Supreme Court in *Jennings* did not reach the alleged unconstitutionality of immigration detention absent the procedural requirements we had read into the statute, and instead remanded for consideration of the constitutional question in the first instance. We in turn remanded to the district court, which has

8

not yet issued a decision.") (internal citation omitted). Indeed, Respondents do not offer any arguments for why due process would not require a bond hearing, nor why the government should not be held to a clear and convincing evidentiary standard at such a hearing.

Other district courts in the Ninth Circuit that have found prolonged mandatory immigration detention unconstitutional absent a bond hearing have applied the clear and convincing evidence standard, with the government bearing the burden of proof. *See Abdul-Samed v. Warden of Golden State Annex Detention Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (July 25, 2025) (citing cases). Further, the Third Circuit explicitly found, post-*Jennings*, that a noncitizen detained for a prolonged period under § 1226(c) is constitutionally entitled to a bond hearing at which the government bears the burden of justifying the petitioner's continued detention. *Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3rd Cir. 2020) ("We now hold that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary."). Notably, Respondents do not address these decisions in their opposition. The court finds the reasoning of other district courts within the Ninth Circuit, and of the Third Circuit, persuasive and therefore finds that Petitioner is entitled to a bond hearing before a neutral adjudicator at which the government bears the burden of showing by clear and convincing evidence that Petitioner is either a flight risk or a threat to safety to justify his continued detention.

**E.     Bond**

Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or

her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Neither party addresses the issue of bond in their briefing.

The court finds that no security is required here. Courts regularly waive security in cases like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe v. Andrews*, No. 25-cv-01163-KES-SKO, 2025 WL 2716910, at *10 (E.D. Cal. Sep. 23, 2025); *Pinchi v. Noem*, No. 25-cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

## CONCLUSION

For the reasons explained above,

1. Petitioner Inderjit Singh's motion for a temporary restraining order is GRANTED as follows:

    a. Respondents shall, within fourteen (14) days of issuance of this order, provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 11, 2026**

Dena Coggins
United States District Judge

10