UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INDERJIT SINGH,
A-061-120-504,

      Petitioner,

    v.

SERGIO ALBARRAN, et. al.,

      Respondents.

No.  1:26-cv-00940-DC-DMC-HC

ORDER

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with a motion for temporary restraining order. See ECF Nos. 1 and 3. Respondents filed a join opposition to the motion and motion to dismiss the petition. See ECF No. 8.

On February 12, 2026, the District Judge granted Petitioner's motion for temporary restraining order, ordering: "Respondents shall, within fourteen (14) days of issuance of this order, provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence . . . " ECF No. 9, pg. 10.

Respondents filed a notice of compliance, informing the Court that such hearing was provided and Petitioner's request for change in custody status was denied. See ECF No. 11. Respondents assert that the bond hearing was conducted on March 2, 2026, outside the fourteen-

1

day period ordered by the District Judge. See ECF No. 11-1, pg. 1. Additionally, the record provided does not show that the immigration judge imposed the proper burden of proof, as ordered by the District Judge. See id. Indeed, the document states "respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236 . . ." Id. However, the District Judge's determination, and the reason for placing the burden of proof on Respondents, explicitly found that Petitioner was entitled to a bond hearing as a matter of constitutional due process, not a statutory entitlement. See ECF No. 9, pgs. 8-9. Thus, it appears from the record that Respondents did not provide Petitioner a bond hearing which complied with the District Judge's order as it was conducted after the timeframe ordered and the burden of proof was not properly placed on Respondents.

Petitioner was provided an opportunity to file a responsive pleading, ECF No. 10, but nothing has been filed to date. Accordingly, the undersigned will direct Petitioner to file supplemental briefing specifically addressing the issues identified herein and Respondents will be provided an opportunity to respond.

Accordingly, it is HEREBY ORDERED that:

1.    Petitioner shall file supplemental briefing within seven days of the date of this order;

2.    Respondents may file a response within five days of the date of Petitioner's filing.

Dated:  July 29, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2