UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INDERJIT SINGH,
A061-120-504,

Petitioner,

v.

SERGIO ALBARRAN, et. al.,

Respondents.

No. 1:26-cv-00940-DC-ICD (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, a lawful permanent resident detained under 8 U.S.C. § 1226(c), seeks a writ of habeas corpus under 28 U.S.C. § 2241 and a temporary restraining order challenging his continued immigration detention. ECF Nos. 1, 3. On February 12, 2026, the district judge granted temporary relief and ordered an individualized bond hearing before an immigration judge at which the government would bear the burden of justifying Petitioner's continued detention. ECF No. 9 at 10. The matter was referred to the undersigned for findings and recommendations on Respondents' motion to dismiss (ECF No. 8). For the following reasons, the undersigned recommends that the petition for habeas corpus be denied to the extent it seeks release or an additional bond hearing and recommends that the motion to dismiss be denied as moot.

The ordered bond hearing took place on February 26, 2026. ECF Nos. 13 (digital audio recording), 14. The government presented evidence of Petitioner's 2019 domestic violence and 2024 sexual battery convictions. The undersigned, having listened to the audio recording finds that the immigration judge applied the burden specified in the district judge's order and gave Petitioner an opportunity to address the government's evidence. Id. Petitioner indicated that he was collaterally attacking his convictions and that those proceedings were still pending.

The question now is whether Petitioner is entitled to further habeas relief. He received the

individualized hearing ordered by the district judge. The fact that the hearing ended in a denial of bond does not establish noncompliance with that order.

A court may review an immigration dangerousness determination under § 1226(c), but its review of the agency's application of that standard to the facts is for abuse of discretion. See Martinez v. Clark, 124 F.4th 775, 779–81, 783–84 (9th Cir. 2024). The court may assess whether the agency applied the proper standard; it may not simply reweigh the evidence. Id. at 781. The recency and seriousness of a person's criminal record are pertinent to dangerousness. Id. at 780–81.

Here, the immigration judge clearly indicated that the bond hearing was ordered by a district court and directed the government to present its evidence. The government relied on convictions for offenses involving domestic violence and sexual battery. Petitioner's pending collateral attack does not itself vacate those convictions. His mother's illness is a circumstance the immigration judge could consider, but it does not show that the judge misapplied the ordered danger standard. On this record, Petitioner has not shown that the ordered hearing was not provided or that the agency abused its discretion in determining that the government established dangerousness by clear and convincing evidence. Therefore, the undersigned recommends that any request for release or another bond hearing (ECF No. 15) be denied.

Next, on February 6, 2026, Respondents moved to dismiss the petition on the grounds that § 1226(c) mandates Petitioner's detention and opposed Petitioner's request for temporary and preliminary relief. ECF No. 8. As noted above, the district judge subsequently granted a temporary restraining order on February 12, 2026, concluding for purposes of that order that Petitioner's prolonged detention without an individualized bond hearing violated his Fifth Amendment due process rights. ECF No. 9. The request to deny a temporary restraining order was thereby resolved.

Section 1226(c)'s mandatory detention provision does not, by itself, resolve the constitutional question addressed in the temporary restraining order. See Martinez, 124 F.4th at 779–81 (reviewing a dangerousness determination made at a bond hearing ordered as a due process remedy for prolonged § 1226(c) detention). Nor must this court decide whether every

period of prolonged detention under § 1226(c) requires a bond hearing. The district judge ordered that relief in this case, and Petitioner received the hearing on February 26, 2026. ECF No. 13. Because the undersigned recommends final disposition of the petition on the post-bond hearing record, Respondents' pending motion to dismiss should be denied as moot.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for a writ of habeas corpus (ECF No. 1) be DENIED to the extent it seeks release or an additional bond hearing.
2. Respondents' motion to dismiss (ECF No. 8) be DENIED as moot;
3. Any pending request for a preliminary injunction (ECF No. 15) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE